IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHAQUOR WALKER,<br>    Plaintiff,<br><br>        v.<br><br>COMMONWEALTH OF<br>PHILADELPHIA, *et al.*<br>    Defendants. | :<br>:<br>:<br>:   CIVIL ACTION NO. 19-CV-6108<br>:<br>:<br>:<br>: |

## MEMORANDUM OPINION

Shaquor Walker, a prisoner currently incarcerated at Philadelphia Industrial Correctional Center ("PICC"), filed this civil rights action pursuant to 42 U.S.C. § 1983. Walker also filed a letter request to proceed *in forma pauperis* but failed to submit a certified copy of his institutional account statement for the entire six-month time period preceding his filing of this action. Because it appears, however, that Walker's claims are not cognizable under Section 1983, the Complaint will be dismissed with prejudice pursuant to 28 U.S.C. § 1915A(b)(1).

**I.   FACTUAL ALLEGATIONS**

Walker has named the following Defendants: Commonwealth of Philadelphia, T. Lane (identified in the Complaint as "the Judge overseeing [Walker's] case"), K. Wadas (identified as the Assistant District Attorney), and L. Mandell (identified as Walker's court-appointed attorney).[1] Briefly stated, Walker asserts that following his arrest on December 29, 2017, he has been subjected to several trial continuances, in violation of the Speedy Trial Act, 18 U.S.C. § 3161.[2] With respect to his "legal claims," Walker alleges that the individual Defendants have

---

[1] The Court adopts the pagination supplied by the CM/ECF docketing system.

[2] A review of public records indicates that Walker was arrested on December 29, 2017 in connection with the following charges: rape, involuntary deviate sexual intercourse, indecent exposure, indecent assault, and sexual

held him "captive illegally and unrightfully" causing him "pain and suffering" and "mental anguish" by separating him from "family, friends and love[d] ones."  Walker seeks the following relief: monetary damages in the amount of thirty dollars for each day he was incarcerated, "to be acquitted of all charges held against" him, and immediate release from custody.

In a December 27, 2019 Order, the Court gave Walker 30 days to either pay the applicable fees or file a motion to proceed *in forma pauperis* with a certified copy of his account statement showing account activity from June 23, 2019 through December 23, 2019.  On January 27, 2020, Walker filed an untitled letter request for leave to proceed *in forma pauperis*.  This handwritten letter request set forth some of the information that is contained on the Court's current standard prisoner *in forma pauperis* form but lacked certification of Walker's institutional account balance.  Walker also filed a computer print-out purporting to be his Prisoner Trust Fund Account Statement, but the statement did not show the requisite account activity as required by this Court's December 27, 2019 Order.

## II.     STANDARD OF REVIEW

Walker has neither paid the fees to commence this civil action nor filed a motion to proceed *in forma pauperis* that substantially complies with all of the requirements of 28 U.S.C. § 1915.  Until recently, this Court would have been precluded from addressing his pleadings unless and until he either paid the fees or was granted leave to proceed *in forma pauperis*.  *See, e.g.*, *Francis v. State of N.J. Office of Law Guardian*, 289 F. App'x 472, 474 (3d Cir. 2008) (per curiam) (explaining that district court erred in addressing complaint before IFP was granted, because the "complaint was not yet subject to dismissal"); *Urrutia v. Harrisburg Cty. Police Dep't*, 91 F.3d 451, 458 & n.13 (3d Cir. 1996) (explaining that an action commences when a

---

assault.  *See Commonwealth v. Walker*, CP-51-CR-0000430-2018 (C.C.P. Philadelphia).  Walker is confined in PICC awaiting trial, which is currently scheduled for August 11, 2020.

plaintiff pays the fees or following a determination that the litigant is entitled to *in forma pauperis*). However, in *Brown v. Sage*, 941 F.3d 655, 660 (3d Cir. 2019) (en banc), the Third Circuit recently announced a "flexible approach" that permits the screening of complaints filed by prisoners pursuant 28 U.S.C. § 1915A even if the prisoner has neither paid the fees nor been granted *in forma pauperis* status.

Section 1915A requires that the Court "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). In doing so, the Court must dismiss a complaint or any portion thereof that "is frivolous, malicious, or fails to state a claim upon which relief may be granted." *Id.* § 1915A(b)(1). A complaint is frivolous if it "lacks an arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and is legally baseless if it is "based on an indisputably meritless legal theory," *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995). Whether a complaint fails to state a claim is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). As Walker is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

**III.   DISCUSSION**

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was

committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). The Court understands Walker's claims to be based on his allegation that he is being detained illegally because he has not yet been brought to trial. Walker avers that the Speedy Trial Act has been violated, thereby nullifying the charges against him. As discussed below, however, Walker's Complaint fails to set forth a claim for relief.

Walker's claims are not cognizable under § 1983 to the extent he is seeking release. "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Accordingly, because Walker cannot seek his release from custody under Section 1983, his Complaint is dismissed with prejudice pursuant to Section 1915A. No leave to file an amended complaint will be granted since any attempt at amendment would be futile.[3]

To the extent Walker is pursuing claims for damages, those claims fail as well.[4] Since Walker's claims against Judge Lane are based on acts she took in her judicial capacity while presiding over the criminal matter in which Walker is a defendant, those claims lack a legal basis

---

[3] The dismissal of this case should not constitute a bar to Walker attacking a conviction in a habeas proceeding. *See Rushing v. Pennsylvania*, 637 F. App'x 55, 58 n.4 (3d Cir. 2016) (per curiam). However, it appears from the state court docket that Walker has not yet exhausted available state remedies to challenge the fact or duration of his pretrial confinement, which he must ordinary do prior to filing a petition for a writ of habeas corpus in federal court pursuant to 28 U.S.C. § 2241.

[4] Walker indicates that he is suing the individual Defendants in their official and individual capacities. Official capacity claims are indistinguishable from claims against the entity that employs the officials. *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) ("Official-capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'") (quoting *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 690, n. 55 (1978)). "[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Id.* Here, nothing in the Complaint plausibly suggests that the claimed constitutional violations stemmed from a municipal policy or custom, or municipal failures amounting to deliberate indifference. Accordingly, because Walker has not stated a plausible basis for a claim against any municipal entity, his official capacity claims are not plausible.

because Judge Lane is entitled to absolute immunity from those claims.  *See Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978); *Azubuko v. Royal*, 443 F.3d 302, 303-04 (3d Cir. 2006) (per curiam).

Walker bases his claims against Assistant District Attorney Wadas on his prosecution of the criminal charges currently pending against Walker.  However, prosecutors are entitled to absolute immunity from liability under Section 1983 for acts that are "intimately associated with the judicial phase of the criminal process" such as "initiating a prosecution and . . . presenting the State's case."  *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976).

Finally, Walker's claims against Attorney Mandell are based on his performance as Walker's defense counsel, but the law is settled that criminal defense attorneys are not state actors for purposes of Section 1983.  *See Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding.") (footnote omitted); *Clark v. Punshon*, 516 F. App'x 97, 99 (3d Cir. 2013) (per curiam) (noting that a court-appointed attorney is not a state actor for purposes of Section 1983); *Angelico v. Lehigh Valley Hosp., Inc.*, 184 F.3d 268, 277 (3d Cir. 1999) ("Attorneys performing their traditional functions will not be considered state actors solely on the basis of their position as officers of the court.").  There is also no basis for concluding that Mandel could be considered a state actor based on any alleged conspiracy with the other Defendants.  "[T]o properly plead an unconstitutional conspiracy, a plaintiff must assert facts from which a conspiratorial agreement can be inferred."  *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 178 (3d Cir. 2010).  "[A] bare assertion of conspiracy will not suffice."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007).  Walker's unsupported allegation of conspiracy does not render his attorney a state actor for purposes of Section 1983.

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss the Complaint with prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915A(b)(1). Walker will not be permitted to file an amended complaint because amendment would be futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). An appropriate Order follows.

**May 15, 2020**

                **BY THE COURT:**

                **/S/WENDY BEETLESTONE, J.**

                _____

                **WENDY BEETLESTONE, J.**